UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT DRAHUSE,

       Plaintiff,                    CIVIL ACTION NO. 10-CV-14117

vs.

                                         DISTRICT JUDGE JULIAN ABELE COOK

THE FEDERAL HOME LOAN        MAGISTRATE JUDGE MONA K. MAJZOUB
MORTGAGE CORPORATION and
FIFTH THIRD MORTGAGE MI, LLC,

       Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL [28]**

       This motion to compel presents the following issue: does a party merely have to serve discovery requests by the discovery deadline or does a party have to serve requests with enough lead time to allow the opposing party to respond within the time frame provided by the Federal Rules of Civil Procedure? The district court referred Plaintiff Scott Drahuse's motion to compel to this Court pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 32.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and decides the motion on the briefs. Because the Court finds a party must serve discovery with enough lead time to give the opposing party the rule-required amount of time to respond to the discovery request, the Court **DENIES** Plaintiff's motion to compel.

**I.      Background**

       On October 13, 2010, Plaintiff filed a complaint against Defendants. (Dkt. 1.) Defendants then filed a motion to dismiss; on February 22, 2011, the district court denied the motion without prejudice. (Dkt. 19.) On that same day, the district court issued a scheduling order. (Dkt. 20,

Scheduling Order.) Concerning discovery, the scheduling order provided that May 23, 2011 would be the "[c]losing date for discovery." (*Id*. at 1.) The first page of the order, at the bottom, reads, "**THE ABOVE DATES WILL BE STRICTLY ENFORCED BY THE COURT**." The order further states that "[d]iscovery will not be authorized subsequent to the expiration of the designated deadline without the written approval of this Court." (*Id*. at 2.) The parties do not dispute the following facts:

- Around May 10, 2001, Plaintiff served Fifth Third with a set of discovery requests, including Plaintiff's First Set of Interrogatories and Documents Requests. (Dkt. 35, Joint Statement ¶ 2.)

- Around May 16, 2011, Plaintiff served Federal Home Loan with a set of discovery requests, including Plaintiff's First Set of Interrogatories and Document Requests. (*Id*. ¶ 3.)

On May 23, 2011, Defendants replied to each of the discovery requests with the same blanket statement that they had no duty to respond because the discovery requests were untimely under Federal Rule of Civil Procedure 34(b)(2) and the district court's scheduling order. (Defs.' Resp. to Pl.'s Mot. to Compel, Ex. 5.)

On June 20, 2011, Plaintiff filed a motion to compel, to which Defendants responded. (Dkt. 28, 29.) Defendants have objected to the discovery requests, "asserting that discovery had closed pursuant to the scheduling order, and the time to answer ha[d] passed." (Joint Statement ¶ 4.) Defendants maintain that "discovery should be fully filed and answers completed prior [to] the discovery deadline." (*Id*.)  Plaintiff "believes that discovery remains open up and until the last date of the discovery period; meaning that discovery requests could be issued up and through the last date of discovery." (*Id*. ¶ 5.) Plaintiff requests an order compelling Defendants to respond to the discovery requests and costs and attorneys' fees incurred in bringing the motion. (*Id*. ¶¶ 6, 7.)

**II.    Analysis**

Again, the issue this motion presents is straightforward: must discovery requests be served to give enough time for the receiving party to respond as required by the Federal Rules of Civil Procedure?  This issue is not a novel one.  Federal courts have found that discovery must be served upon a party so that the receiving party has enough time to respond, as provided for in the Federal Rules, otherwise, the discovery requests are untimely.  See *Bishop v. Potter*, 08-00726, 2010 2775332, at *1 (D.Nev. July 14, 2010) (holding, "discovery requests served less than 30 days prior to the discovery deadline are untimely.") (and citing cases for the same proposition).  See also *Bailey v. Komatsu Forklift U.S.A., Inc.*, 07-2002, 2008 WL 2674886, at *3 (N.D.Iowa July 7, 2008) (holding, "when a scheduling order establishes a deadline for 'completion of discovery,' it requires more than simply filing discovery requests prior to the deadline. Rather, it requires that parties seeking discovery file their requests sufficiently in advance of the deadline, such that the responses are due by the deadline for completion of discovery.")  The Court agrees with those courts that have found that discovery must be completed by the discovery deadline.

Here, Plaintiff filed interrogatories and requests for documents on Defendants.  On May 10, 2011, Plaintiff filed the requests on Defendant Fifth Third; on May 16, 2011, Plaintiff filed the requests on Defendant Federal Home Loan.  (See Joint Statement.)  Because the Federal Rules of Civil Procedure give Defendants thirty days to respond to those discovery requests, Defendants would have until after May 30, 2011 to respond to the request.  Fed.R.Civ.P. 33, 34.  But that due date was outside of the May 23, 2011 scheduling order "[c]losing date" for discovery.  The discovery requests were therefore untimely and Defendant properly objected to the request.

Plaintiff also does not explain why he did not seek leave of the district court to extend the discovery deadline or why he waited almost over a month before he filed this motion to compel,

3

adding further support to deny his motion.

### III.  Conclusion

For the above-stated reasons, the Court **DENIES** Plaintiff's motion to compel.

**SO ORDERED.**

### IV.  Notice to the parties

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of ten days from the date of this order to object by filing a written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 14, 2010         s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this order was served upon Counsel of Record on this date.

Dated: September 14, 2010         s/ Lisa C. Bartlett
                                  Case Manager