UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SCOTT DRAHUSE,

              Plaintiff,

v.                                                                          Case No. 10-14117
                                                                            Honorable Julian Abele Cook, Jr.

THE FEDERAL HOME LOAN MORTGAGE
CORPORATION and FIFTH THIRD MORTGAGE-
MI, LLC,

              Defendants.

<u>ORDER</u>

On October 18, 2010, the Plaintiff, Scott Drahuse, filed an amended complaint in which he seeks to obtain damages from the Defendants (Federal Home Loan Mortgage Corporation and Fifth Third Mortgage-MI, LLC, (hereinafter referred to as "Freddie Mac" and "Fifth Third," respectively)) because of their collective breaches of contract, acts of fraud, and violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641, the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), as well as the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 *et seq*. Drahuse also seeks equitable relief from the Defendants, including a court-imposed right of redemption and an accounting.

On November 15, 2010 and November 22, 2010, respectively, the Defendants filed virtually identical motions to dismiss the amended complaint, or in the alternative, the entry of a summary judgment in their favor. These motions were denied without prejudice by this Court on February 22, 2011 in order to give Drahuse an opportunity to conduct discovery. After the expiration of that

1

time, but prior to the deadline to file dispositive motions, the Defendants jointly filed the present motion to dismiss the amended complaint on May 31, 2011.

For the reasons that have been set forth below, the pending motions by the Defendants will be granted.

I.

On June 20, 2008, Drahuse executed a residential mortgage with Fifth Third in the amount of $166,000.00, using an improved parcel of property, commonly known as 108 East Bay Drive in the City of Walled Lake, Michigan as collateral to secure the debt. Drahuse asserts that he (1) obtained the residential mortgage at the behest of Fifth Third representatives, and (2) executed a promissory note and security agreement in conjunction with the mortgage which made it a consumer credit transaction within the meaning of three federal statutes. *See generally,* TILA, 15 U.S.C. § 1602(f), its accompanying Regulation Z, 12 C.F.R. § 226.3, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* According to Drahuse, Fifth Third did not provide him with several disclosures, including (1) a good faith estimate of the value of the Walled Lake property, (2) a Truth-in-Lending Statement that was due prior to the closing of the transaction, and (3) a notice of the right to rescind the mortgage transaction.

Drahuse defaulted on the mortgage loan when he failed to make his obligatory payments in a timely manner. Thereafter, Fifth Third initiated foreclosure proceedings against him on August 22, 2009. One month later (September 22, 2009), Freddie Mac purchased the Walled Lake parcel at a sheriff's sale. However, Drahuse maintains that this purported sale is invalid for several reasons because, as an example, he neither received notice of the foreclosure sale nor was given any opportunity to redeem the property. Moreover, Drahuse - despite being in the middle of good

2

faith discussions with Fifth Third during the fall months of 2009 in an effort to modify the terms of his mortgage loan - claims that neither of the Defendants nor any of their representatives made him aware of these foreclosure proceedings  According to Drahuse, Fifth Third representatives told him that he could forego making mortgage payments "until the loan modification process was properly placed." Thus, it is his contention that he, acting upon this representation, proceeded with the loan modification process and made arrangements for an interim payment in the amount of Twenty-Thousand ($20,000.00) Dollars to Fifth Third. Drahuse submits that - but for Fifth Third's representations regarding his ability to refinance the loan - he would have not agreed to modify the parties' agreement.

Drahuse's six-month statutory redemption period expired on March 22, 2010.  Inasmuch as he failed to redeem his property prior to the expiration of the statutory redemption period, absolute title to the property automatically vested in Freddie Mac. When he refused to vacate the Walled Lake property upon demand, Freddie Mac initiated eviction proceedings against him in a state court on June 2, 2010. Drahuse, after failing in his effort to remove the eviction case from a state court to this federal court, filed the current lawsuit against both of the Defendants.

## II.

The two Defendants jointly urge the Court to dismiss this lawsuit on the basis of Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings pursuant to this Rule is subject to the same standard of review as a motion to dismiss for failure to state a claim upon which relief can be granted. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n.1 (6th Cir.1988). A motion to dismiss under Fed.R.Civ.P. 12(b)(6) allows a court to assess whether the plaintiff has stated a claim upon which relief may be granted. According to appropriate case law, a court must

3

construe the complaint in favor of the plaintiff, accept the allegations within the complaint as being true, and determine thereafter whether the factual allegations in the complaint contain any plausible claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

III.

A.

In their motion, the Defendants initially urge the Court to dismiss Drahuse's attempt to assert his right to rescind the original mortgage loan under the TILA through Count I. The stated statutory purpose of the TILA is to provide consumers with "a meaningful disclosure of credit terms," to avoid the uninformed use of credit, and "to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). To that end, the statute requires creditors to provide borrowers with "clear and accurate disclosures" of certain terms, such as those dealing with finance charges, annual percentage rates of interest, and the borrower's rights. *Barrett v. JP Morgan Chase Bank, N.A.*, 445 F.3d 874, 877 (6th Cir. 2006). As a remedial statute that was enacted to protect the rights of potentially unsophisticated consumers, courts have construed the provisions of the TILA liberally. *Inge v. Rock Financial Corp.*, 281 F.3d 613, 621 (6th Cir.2002).

Section § 1635(a) of the TILA, in furtherance of these disclosure objectives, states that a borrower whose consumer credit transaction is secured by his principal dwelling may rescind the loan agreement "until midnight of the third business day following the consummation of the transaction or the delivery of [the disclosures required under the Act], whichever is later." 15

4

U.S.C. § 1635(a)[1]; *Barrett, supra* at 877.  Section 1635(a) also requires the creditor to clearly and conspicuously disclose these terms to the borrower and provide appropriate forms to allow him to exercise his rescission rights.  If a creditor fails to comply with these requirements, the three-day right to rescind automatically becomes a right to rescind which expires three years "after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."  *Id.*; *see also,* 15 U.S.C. § 1635(f).[2]

---

[1] In its entirety, 15 U.S.C. § 1635(a) provides:

(a) Disclosure of obligor's right to rescind

Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

[2] Section 1635(f) provides, in relevant part:

(f) Time limit for exercise of right

An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor, . . . .

Here, Drahuse's claim for rescission under the TILA is without merit because his residential mortgage is a transaction that is expressly exempted from § 1635(a). According to 15 U.S.C. § 1635(e), this statute does not apply to "a residential mortgage transaction," which is defined as "a transaction in which a mortgage . . . or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." Drahuse acknowledges in his amended complaint that he initially obtained the mortgage to purchase the Walled Lake property as his primary residence. *See* Amended Complaint, ¶ ¶ 9-10. This finding is supported by the sixth paragraph of the "Uniform Covenants" section of the mortgage which provides, in part, that the "Borrower shall occupy, establish, and use the Property as Borrower's principal residence . . . and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy. . . ."

In construing similar residential mortgage provisions, courts have routinely held that a plaintiff - such as Drahuse - has no statutory right to rescission. *See, Seldon v. Lehman Brothers, Inc.*, No. 09-13162, 2010 WL 2978067, *4 (E.D. Mich. Jul. 9, 2010) ("[w]hen a plaintiff admits that a loan was obtained to finance the initial acquisition of [his] dwelling, courts have found that the transaction constitutes a residential mortgage transaction, for which the TILA does not provide a right of rescission"); *See also, Murray v. Fifth Third Bank*, No. 06-14246, 2007 WL 956916, *1 (E.D. Mich. Mar. 28, 2007) ("It appears from the allegations of the complaint and the documents attached thereto that plaintiffs obtained the loan from defendants to purchase the subject premises for use as their primary residence and that they did, in fact, use the premises as their primary residence. Thus, even if defendants violated the TILA, plaintiffs would have no right of

6

rescission."). Thus, the Court finds that by virtue of 15 U.S.C. § 1635(e), Drahuse has no right of rescission under the TILA.

Additionally, TILA contains a limitations period for rescission. The relevant provision states that "the right to rescind shall expire 3 years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." *See* 15 U.S.C. § 1635(f). Plaintiff admits that his property was foreclosed and a sheriff's sale occurred. A right to rescind, even if Plaintiff did not receive the required TILA disclosures, was the date of the sale. *See also Worthy v. World Wide Financial Services, Inc.* 347 F.Supp.2d 502, 507 (E.D. Mich. 2004) (holding that "the language of (TILA), read in a light most favorable to Plaintiff borrower, does not provide Plaintiff with a right to rescind the mortgage transaction after the foreclosure auction.") Thus, the Defendants are entitled to a dismissal of Count I.

## B.

Next, the Defendants argue that Drahuse's claim for their alleged failure to make certain disclosures to him, as required by the TILA (Count II) is barred by the appropriate statute of limitations. Drahuse contends that Fifth Third did not provide him with any notice of his right to rescind the mortgage loan prior to the consummation of the transaction. It is also his position that (1) he did not receive the disclosures clearly or conspicuously in writing, and (2) the bank failed to include some of the fees which comprised his overall finance charge.

However, the Defendants correctly note that the statute of limitations, which applies to violations under the TILA, is generally one year. *See* 15 U.S.C. § 1640(e) ("[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."); *See also, Rudisell*

7

*v. Fifth Third Bank*, 622 F.2d 243, 246 (6th Cir. 1980). Since the transaction between Drahuse and

Fifth Third was consummated on June 20, 2008, this lawsuit should have been filed on or before

June 20, 2009 in order to survive a statute of limitations motion.

An examination of the official record in this cause reveals that Drahuse did not file a

complaint with this Court until October of 2010. He does not contest this revelation. In fact,

Drahuse did not devote any space in his responsive pleading to challenging the Defendants'

argument on this point. Inasmuch as Drahuse's claims under the TILA are barred by the one year

limitation period of 15 U.S.C. § 1640(e), the Defendants are entitled to a dismissal of his claim as

it relates to this Count.

C.

The Defendants also ask the Court to dismiss Count III of the complaint, which seeks

to enforce an equitable right of redemption. Drahuse complains that the foreclosure sale was

improper since he was prevented from participating in any aspect of its ultimate resolution. Citing

the case of *Moore v. Smith*, 95 Mich. 71 (1893), he argues that Michigan provides a party with the

ability to redeem property that has been improperly lost through a foreclosure sale by

advertisement, particularly where there is no adjudication of the proper party's rights. In relying

upon *Moore,* Drahuse submits that an action to redeem property is always available whenever (1)

ordinary redemption rights are lost through fraud, deception, or bad faith, and (2) the party, who

committed the act of fraud, may be estopped by his own deceptive conduct to contest this purported

equitable redemption. However, the central holding in *Moore* was simply that "the inchoate right

of dower of the wife of a mortgagor vests her with the equitable right to redeem from foreclosure

against his property." *See Tuller v. Detroit Trust Co.*, 259 Mich. 670, 676 (1932). A fair reading

8

of *Moore* makes it clear that the plaintiff's equitable interest in the land there was based entirely on her dower and homestead rights. Furthermore, *Moore* is factually inapposite here because (1) the defendant there undertook multiple, affirmative steps in bad faith to interfere with the plaintiff's ability to redeem the property, and (2) the plaintiff's inability to redeem the property was entirely attributable to the defendant, who "sought in every way to prevent and hinder her in her efforts to raise the money." *Moore* at 76. Drahuse has made no similar allegations or showing here. Thus, his reliance on *Moore* is misplaced.

Additionally - as the Defendants argue - Drahuse has not created a genuine issue of a material fact relating to the question of whether he was provided with notice of the foreclosure through a conspicuous posting on the premises. Under Mich. Comp. Laws § 600.3208, notice that a mortgage can be foreclosed by a sale which must be published in a county newspaper. Moreover, a "true copy" of that notice "shall be posted in a conspicuous place upon any part of the premises described in the notice." *Id.* Michigan courts have held that the statute merely requires a constructive notice to a borrower - not actual notice. *Windisch v. Mortgage Sec. Corporation of America, of Norfolk, Va.,* 254 Mich. 492, 496 (1931). Here, the Defendants – acting pursuant to statute – have provided affidavits, all of which confirmed that the requisite notice of foreclosure sale had been published in a county newspaper and posted on a structure on the Walled Lake property. *See generally,* Mich. Comp. Laws § 600.3256. According to Mich. Comp. Laws § 600.3264, such affidavits are entitled to be treated as "presumptive evidence of the facts therein contained;" namely, that the bank complied with statutory notice provisions. To overcome this presumption, Drahuse must respond with clear and convincing evidence to the contrary. Yet, the strongest evidence before the Court in support of Drahuse's counter argument is a line from his

9

own affidavit in which he states that "I was never provided notices of the possible or pending foreclosure sale.  I saw no notices posted to the Subject Property."  *See* Drahuse Affidavit at ¶ 13. In light of presumptively valid documentary evidence which facially demonstrates that the notice was posted conspicuously on the Walled Lake property. Drahuse's alleged failure or inability to see the notice is insufficient to create a genuine issue of a material fact on this question.

Because the Court perceives no equitable or legal basis under Michigan law for granting a right of redemption to Drahuse, the Defendants' motion to dismiss and/or for the entry of a summary judgment on this count must be, and is, granted.

### D.

Next, the Defendants seek to obtain a dismissal of Count IV of the complaint wherein Drahuse has accused them of breaching their contract with him.  To adequately plead a claim for breach of contract under Michigan law, a plaintiff must proffer factual allegations which establish the existence of (1) parties' competence to contract; (2) a proper subject matter; (3) consideration; (4) mutuality of agreement; and (5) mutuality of obligation. *Mallory v. Detroit*, 181 Mich. App. 121, 127 (1989).  Once a valid contract has been proven, a plaintiff seeking to recover for a breach of that contract must show that (1) the terms of the contract require the performance of certain actions; (2) one party breached the contract; and (3) the breach caused an injury to the other party. *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir.1999).

Here, the Defendants correctly note that the amended complaint fails to state a claim upon which relief can be granted.  In his complaint, Drahuse does not identify his specific contract with either of the Defendants which he believes to have been breached.  If he is referring to the mortgage contract, the complaint is insufficient in identifying the terms of the contract which, in his judgment,

required the Defendants to perform particular actions. However, it appears from Drahuse's response that he is seeking damages for the violation of an oral or an implied contract with the Fifth Third to modify the terms of his mortgage. If Drahuse is seeking relief from Fifth Third, he has failed to set forth any facts from which the Court could reasonably determine (1) if a valid contract was in place (particularly whether there was a mutuality of agreement between the parties), (2) the terms of such a contract, and (3) the parties' respective duties under the contract. In that sense, Drahuse's complaint neglects to set forth even a "threadbare recital of the elements of a cause of action" for a breach of contract, which is unacceptable under *Iqbal* and *Twombly* standards. Accordingly, the Court concludes that he has failed to set forth facts which would enable the Court to assess whether Drahuse's breach of contract claim is plausible.

Even if the challenged complaint had been adequately pled, Drahuse's effort to seek relief on breach of contract grounds would have been barred by the statute of frauds. Mich. Comp. Laws § 566.132(2).[3] This statute also prevents the following types of lawsuits from being filed against financial institutions without adequate documentation:

> (2)     An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a)     A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>
> (b)     A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.

---

[3]The Defendants also raise the statute of frauds defense in response to Counts IV, VI and VII. With the exception of the breach of contract claim, the Court declines the Defendants' invitation to reach these questions inasmuch as these claims can be resolved on other grounds.

      (c)      A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

*Id.*

The Defendants correctly note that courts have construed an agreement between/among parties to delay a foreclosure sale as an understanding to make a financial accommodation within the meaning of §2(a) of Mich. Comp. Laws § 566.132, which, in turn,  must be authorized by the lending institution in writing.  *Williams v. JP Morgan Mortg. Acquisition Corp*., No. 09-12106, 2010 WL 1052356, 3 (E.D. Mich. Mar. 19, 2010).  Similarly, an agreement to modify the terms of a loan is subject to the provisions within the statute of frauds.  *See generally*, *Jarbo v. BAC Home Loan Servicing,* No. 10-12632, 2010 WL 5173825, *11 (E.D. Mich. Dec. 15, 2010) ("The plain language of Michigan's statute of frauds also precludes Plaintiffs from bringing claims alleging the breach of an unwritten promise to modify or delay repayment of their mortgage loans."); *Crown Technology Park v. D & N Bank*, 242 Mich. App. 538, 551 (2000) ("[Section 566.132] plainly states that a party is precluded from bringing a claim-no matter its label-against a financial institution to enforce the terms of an oral promise to waive a loan provision.").  Because this provision precludes the oral modification of a bank loan, Drahuse's attempt to enforce any such oral agreement must fail. Therefore, the Defendants' motion to dismiss and/or for the entry of a summary judgment as to Count IV is granted.

E.

According to the Defendants, Drahuse's claims in Count V for fraud, fraud in the inducement, and fraud and misrepresentation, are barred by the statute of frauds as set forth in Mich.

Comp. Laws § 566.132(2).[4]   Drahuse responds by noting that a claim for fraud is not subject to a statute of frauds defense.  Even assuming that Drahuse in his response is correct, this claim must be rejected for its failure to sufficiently plead the allegations of fraud. Under Fed. R. Civ. P. 9(b), a party who seeks to prevail on such a claim must "state with particularity" the circumstances which, in its judgment, constitute fraud.  Fed. R. Civ. P. 9(b).  At minimum, a plaintiff must allege the time, place and contents of the misrepresentation(s) upon which he relied.  *Bender v. Southland Corp*., 749 F.2d 1205, 1216 (6th Cir. 1984).

In order to survive a motion to dismiss, the amended complaint must specifically allege that (1) the defendants made a material representation; (2) the statement was false; (3) when the statement was made, the defendants knew that it was false, or made it recklessly without any knowledge of its truth and as a positive assertion; (4) they made the statement with the intention that it would be acted upon by the plaintiff; and (5) the plaintiff, after acting in reliance upon the statement, suffered an injury.  *Cooper v. Auto Club Ins. Assoc.,* 481 Mich. 399, 414 (2008).  The amended complaint fails to satisfy most of these heightened pleading standards.  For instance, there is no indication - based upon the pleadings - as to which of the Defendants' representatives or agents made the fraudulent statements, when they were  precisely made, or why they would have been made to induce Drahuse's reliance.  Although the amended complaint lists some of these factors, it does so in a way that reflects a formulaic recitation of the elements of his proposed cause of action.  As such, the pleading fails under the *Iqbal* and *Twombly* standards, as well as according to the stricter pleading requirements of Rule 9(b). Hence, the Defendants' motion to dismiss and/or for

---

[4]The Defendants also raise the statute of frauds defense in response to Counts IV, VI and VII.  Nevertheless, the Court declines their invitation to reach these questions, inasmuch as the claims can and will be resolved on other grounds.

the entry of a summary judgment on this count must be granted.

F.

The Defendants ask the Court to dispose of Drahuse's claim for an accounting, which appears in Count VI of the amended complaint. Such relief is equitable in nature, and the question of whether a plaintiff has stated a cause of action for an accounting must be determined from the facts within the complaint rather than from the prayer for relief. *Marshall v. Ullmann*, 335 Mich. 66 (1952). In order to establish a claim for an accounting, there must be mutual demands, a series of transactions on one side, and payments on the other. *Boyd v. Nelson Credit Centers, Inc.*, 132 Mich. App. 774, 779 (1984). However, an accounting is unnecessary if discovery has been sufficient to determine the amount at issue. *Id.* at 780.

Here, the allegations in complaint do not (1) identify any series of transactions and mutual demands, or (2) suggest that the transaction before the court is sufficiently complex to warrant an accounting. Because ordinary discovery procedures could adequately reveal the details of the transactions between Drahuse and the Defendants, the Court will reject this request and, in so doing, dismiss this claim.

G.

Finally, the Defendants have asked the Court to dismiss Count VII of the amended complaint, in which Drahuse seeks to obtain damages for their alleged violations of the Michigan Consumer Protection Act. As the Defendants correctly note, the Michigan Court of Appeals has held that this statute does not apply to those claims arising out of residential mortgage loan transactions, which are generally exempt from its provisions. *Newton v. West*, 262 Mich. App. 434, (2004); *See also, Anderson v. Franklin*, No. 09-11096, 2010 WL 742765, *15 (E.D. Mich. 2010).

14

Because Drahuse cannot prevail on this claim as a matter of law, the Defendants' motion to dismiss and/or for the entry of a summary judgment on this Count must be, and is granted.

IV.

Therefore and for the reasons stated above, the Court grants the Defendants' motion to dismiss as to the amended complaint in its entirety and with prejudice.

IT IS SO ORDERED.

Date: November 1, 2011                                    s/Julian Abele Cook, Jr.
                                                         JULIAN ABELE COOK, JR.
                                                         U.S. District Court Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 1, 2011.

s/ Kay Doaks
Case Manager

15